

1  TIMOTHY S. THIMESCH, Esq. (SBN 148213)
   THIMESCH LAW OFFICES
2  tim@thimeschlaw.com
   158 Hilltop Crescent
3  Walnut Creek, CA 94597-3452
   Telephone:    (925) 588-0401
4  Facsimile:    (888) 210-8868

5  Attorneys for Plaintiff CRAIG YATES

6                                    E-filing

7

8              UNITED STATES DISTRICT COURT                    *MEJ*
               NORTHERN DISTRICT OF CALIFORNIA
9

10  CRAIG YATES                          ) CV 10      4144
                                         ) Case No.
11              Plaintiff,               ) Civil Rights
                                         )
12  vs.                                  ) **COMPLAINT FOR INJUNCTIVE &**
                                         ) **DECLARATORY RELIEF AND**
13  PRIME RIB SHABU RESTAURANT;          ) **DAMAGES:** DENIAL OF CIVIL
    KORY VENTURES, INC.; XYLO, LLC;      ) RIGHTS OF A DISABLED PERSON IN
14  BENITO QUAN; ALICE QUAN; and         ) VIOLATION OF THE AMERICANS
    DOES 1 through 50, Inclusive,        ) WITH DISABILITIES ACT OF 1990,
15                                       ) AND CALIFORNIA'S DISABLED
                Defendants.              ) RIGHTS STATUTES
16                                       ) **DEMAND FOR JURY TRIAL**
                                         )
17                                       ) [Proper Intradistrict Assignment: San
                                         ) Francisco/Oakland]
18                                       )
                                         )
19  ─────────────────────────────────── )

20          Plaintiff CRAIG YATES, on behalf of himself and all other similarly situated disabled

21  persons, hereby complains of defendants PRIME RIB SHABU RESTAURANT, aka Shabu

22  BBQ; KORY VENTURES, INC., a domestic corporation; XYLO, LLC, a domestic limited

23  liability company; BENITO QUAN, an individual; ALICE QUAN, an individual; and DOES

24  1 through 50, Inclusive (hereafter "defendants"), and demands a trial by jury, and alleges as

25  follows:

26                               **INTRODUCTION**

27      1.      This case involves the disabled accessibility of the Prime Rib Shabu

28  Restaurant, aka Shabu BBQ; at or about 308 - 5th Avenue, San Francisco, CA, a sit-down

FILED BY FAX

1   restaurant that entirely excludes persons with disabilities in wheelchairs, as its only entrance

2   is via a steep, vertical ramp that is tipping hazard. Plaintiff CRAIG YATES is a person with

3   physical disabilities and utilizes a wheelchair for mobility. His goal is positive: make the

4   facility available to all persons alike regardless of their physical condition.

5       2.      The configuration of the restaurant, particularly its entrance, dining tables and

6   public restrooms, deny "full and equal" access required by Title III of the Americans With

7   Disabilities Act of 1990, the California Disabled Rights Acts (sections 54 and 54.1 ff Civil

8   Code), and Title 24 of the California Code of Regulations (now known as the California

9   Building Code). As a result, plaintiff has been continuously denied access and/or deterred

10  from visiting the restaurant during the two years preceding the filing of this complaint,

11  suffered violation of his Civil Rights to full and equal access, suffered a denial of his right to

12  due process, was embarrassed and humiliated, and suffered statutory and general damages.

13  Plaintiff seeks damages and injunctive relief requiring provision of access under the ADA at

14  section 308; and injunctive relief for "full and equal access" and statutory damages under

15  California law.

16

17                              **JURISDICTION AND VENUE**

18      3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for

19  violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, *et seq*. Pursuant

20  to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are

21  also brought under California law, including but not limited to violations of California Health

22  & Safety Code Sections 19955 *et seq*., including Section 19959; Title 24 California Code of

23  Regulations; and California Civil Code Sections 54 and 54.1 *et seq*.

24      4.      Venue is proper in this court pursuant to 28 U.S.C. 1391(b) and is founded on

25  the fact that the real property which is the subject of this action is located in this district and

26  that plaintiff's causes of action arose in this district.

27      5.      Intradistrict Jurisdiction. Under Local Rules 3-2 (c) and (d), intradistrict

28  assignment to the San Francisco District is appropriate because the real property that is the

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 2 —

1   subject of this action is located in Marin County, California and plaintiff's causes of action
2   arose in Marin County.

3       6.      Plaintiff alleges continuous and ongoing discrimination. Plaintiff has visited
4   this sit-down restaurant on numerous occasions, and has also been deterred from returning on
5   other occasions and on a sustained basis, as his only dining choice under the circumstances is
6   take out. Plaintiff's several complaints to the defendants, both in writing and oral, have been
7   ignored. Defendants' only responsive efforts was to replace the former 6 inch step at the
8   entrance with the equally hazardous ramp that was apparently installed without a permit.
9   Plaintiff alleges that it would be a futile gesture to provide further notices of violations
10  relating to plaintiff's continuous visits and deterrence, which are certain to occur on regular
11  basis following the filing of this complaint. Therefore, plaintiff reserves, and will seek to
12  supplement his complaint at time of trial as to his subsequent events, according to proof.

13

14                              **PARTIES**

15      7.      At all times relevant to this complaint, plaintiff qualified as a "person with a
16  disability," as this term is used under California law and under federal laws including but not
17  limited to Title III of the ADA. Plaintiff requires the use of a wheelchair for traveling about
18  in public places.

19      8.      At all times relevant herein, defendants PRIME RIB SHABU RESTAURANT;
20  KORY VENTURES, INC.; XYLO, LLC; BENITO QUAN; ALICE QUAN; and DOES 1
21  through 50, Inclusive, were and/or are the current, future or prospective owners and operators,
22  lessors and/or lessees of public facilities, and subject to the requirements of California State
23  law requiring full and equal access to public facilities pursuant to Sections 4450 et seq. of the
24  Government Code; 19955-19959 of the Health & Safety Code; Sections 54.1 and 54.3 Civil
25  Code; and subject to Title III of the Americans With Disabilities Act of 1990; and to all other
26  legal requirements referred to in this complaint. Plaintiff does not know the relative
27  responsibilities of defendants in the ownership, control, and operation of the facilities herein
28  complained of, and alleges a joint venture and common enterprise by all such defendants.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                      — 3 —

1       9.      Plaintiff is informed and believes that each of the defendants herein, including

2  DOES 1 through 50, inclusive, is the owner, constructive owner, beneficial owner, trust,

3  trustee, agent, ostensible agent, alter ego, master, servant, employer, employee, representative,

4  franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board,

5  commission, department, or other governmental agency, representative, or such similar

6  capacity, of each of the other defendants, and was at all times acting and performing, or

7  failing to act or perform, within the course and scope of his, her or its authority as a owner,

8  constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master,

9  servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner,

10  associate, parent company, subsidiary, board, commission, department, or other governmental

11  agency, representative, or such similar capacity, and with the authorization, consent,

12  permission or ratification of each of the other defendants, and is responsible in some manner

13  for the acts and omissions of the other defendants in proximately causing the violations and

14  damages complained of herein, and have approved or ratified each of the acts or omissions of

15  each other defendant, as herein described.  Plaintiff will seek leave to amend when the true

16  names, capacities, connections, and responsibilities of defendants PRIME RIB SHABU

17  RESTAURANT; KORY VENTURES, INC.; XYLO, LLC; BENITO QUAN; ALICE

18  QUAN; and DOES 1 through 50, Inclusive, are ascertained.

19

20                                **FACTUAL ALLEGATIONS**

21       10.     Further, the subject restaurant and its facilities, including its paths of travel,

22  entrance facilities, counters, public restrooms, dining tables, and other facilities, are each a

23  "public accommodation or facility" subject to the requirements of Government Code sections

24  4450 et seq., and of the California Civil Code sections 51, 54, 54.1, and 54.3. On information

25  and belief, each such facility has, since January 1, 1968, undergone unfinished "new

26  construction," and/or "alterations, structural repairs, and additions," each of which has

27  subjected the subject restaurant and its public facilities to state disabled access requirements

28  per section 19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24 of

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401
Complaint for Injunctive Relief and Damages                                    — 4 —

the California Code of Regulations.

11. Plaintiff has visited the restaurant establishment on numerous as a paying customer in the last four years (under the former names of "Tofu Sisters," and "Young Bin Kwan," before reopening under the current name), and seeks actual and deterrence damages for the two year period that proceeds the filing of this complaint. The principal barrier is fundamental to the use of the facility. The front entrance, which was formerly blocked by a 6 inch step, is now just as inhibited by the hazardous ramp. On information and belief, defendants have failed to provide access to multiple other facilities on site, including but not limited to, the accessibility of the dining tables, public restroom and transaction counter.

12. Plaintiff has complained in writing to defendants, and, on information and belief defendants have knowledge, or received notice, of plaintiff's complaints and the inability of persons like plaintiff to use facilities at the subject restaurant. Despite knowledge of the access problems, and complaints from other disabled patrons, and the passage of extended time since plaintiff and other disabled persons first provided notice of these deficiencies, defendants have failed to investigate these problems, and have failed to take the necessary action to provide legally required access features to allow "full and equal" use of the premises by physically disabled persons.

13. Title III of the ADA and California law required the removal of all such barriers.

14. On information and belief, as a result of all defendants' above stated acts and omissions, plaintiff suffered loss of his Civil Rights to his statutory and general damage.

15. Moreover, plaintiff and other similarly situated disabled persons will continue to be damaged on a continuous basis as long as defendants fail to provide proper disabled access in the respects complained of, as they will either be discouraged from using the restaurant to pursue restaurant business, or to make the visit despite the obstacles to access, they would have to encounter, and suffer, additional discriminatory experiences.

16. Plaintiff has no adequate remedy at law as to the recurring damages facing him each time he returns to these inaccessible facilities. Unless the relief requested herein is

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

1  granted, plaintiff and many other physically disabled persons will each suffer irreparable harm

2  in that their fundamental right to accessible public facilities while patronizing the subject

3  restaurant will be denied and abridged.

4      17.   Plaintiff is further informed and believes that during the applicable statutory

5  periods the named defendants and each of them have been made aware orally and in writing,

6  of the inaccessibility of their public facility/business to disabled persons, such as plaintiff, and

7  other persons with disabilities similarly situated, and of the federal and state legal obligations

8  of owners and operators of public facilities to make their facilities accessible to disabled

9  persons.  Despite being informed of such effect on disabled persons and the manner in which

10  their practices and lack of accessible facilities were continuing to discriminate against

11  disabled persons on a day-to-day basis, said defendants and each of them knowingly and

12  willfully failed and refused to take proper steps to rectify this situation and to provide full and

13  equal access for disabled persons to each public facility referred to herein.

14      18.   Plaintiff requests that an injunction be ordered requiring that defendants make

15  all such facilities herein described, accessible to and usable by disabled persons, and instruct

16  all employees as to proper policies to facilitate access, and set up practices and procedures to

17  ensure that no disabled person who is mobility impaired is denied the use of the

18  aforementioned facilities that are open to the general public, and that all such facilities be

19  made "accessible to and usable by" physically disabled persons.

20      19.   Plaintiff has no adequate remedy at law as to facing the recurring damages

21  facing him each time that he returns to these inaccessible facilities, and unless the relief

22  requested herein is granted, plaintiff and other disabled persons will each suffer irreparable

23  injury by the deprivation of access to the specified public facilities operated by defendants.

24

25              **FIRST CAUSE OF ACTION:**

26  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

27              **42 USC §§ 12101ff**

28      20.   Plaintiff repleads and incorporates by reference, as if fully set forth again

Thimuch Law Office
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 6 —

1  herein, the allegations contained in paragraphs 1 through 19 of this complaint and
2  incorporates them herein as if separately repled.

3  21.  Pursuant to law, in 1990 the United States Congress made findings per 42
4  U.S.C. Section 12101 regarding physically disabled persons, finding that laws were needed to
5  more fully protect "some 43 million Americans with one or more physical or mental
6  disabilities;" that "historically society has tended to isolate and segregate individuals with
7  disabilities;" that "such forms of discrimination against individuals with disabilities continue
8  to be a serious and pervasive social problem;" that "the Nation's proper goals regarding
9  individuals with disabilities are to assure equality of opportunity, full participation,
10  independent living and economic self sufficiency for such individuals;" and that "the
11  continuing existence of unfair and unnecessary discrimination and prejudice denies people
12  with disabilities the opportunity to compete on an equal basis and to pursue those
13  opportunities for which our free society is justifiably famous..."

14  22.  Congress stated as its purpose in passing the Americans with Disabilities Act
15  (42 USC § 12101(b)):

16  It is the purpose of this act —

17  (1) to provide a clear and comprehensive national mandate for the elimination of
18  discrimination against individuals with disabilities;

19  (2) to provide clear, strong, consistent, enforceable standards addressing
20  discrimination against individuals with disabilities;

21  (3) to ensure that the Federal government plays a central role in enforcing the
22  standards established in this act on behalf of individuals with disabilities; and

23  (4) to invoke the sweep of Congressional authority, including the power to
24  enforce the 14th Amendment and to regulate commerce, in order to address the
25  major areas of discrimination faced day to day by people with disabilities.
26  (Emphasis added)

27  23.  As part of the Americans with Disabilities Act, Public Law 101-336,
28  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 7 —

1 Operated by Private Entities" (42 U.S.C 12181ff). Defendants' facility is among "private

2 entities" which are considered "public accommodations" and "commercial facilities."

3   24. Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be

4 discriminated against on the basis of disability in the full and equal enjoyment of the goods,

5 services, facilities, privileges, advantages, or accommodations of any place of public

6 accommodation by any person who owns, leases, or leases to, or operates a place of public

7 accommodation."

8   25. Among the general prohibitions of discrimination included in Section

9 302(b)(1)(A) are the following:

10   § 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION.  — It shall be

11 discriminatory to subject an individual or class of individuals on the basis of a

12 disability or disabilities of such individual or class, directly, or through

13 contractual, licensing, or other arrangements, to a denial of the opportunity of

14 the individual or class to participate in or benefit from the goods, services,

15 facilities, privileges, advantages, or accommodations of an entity."

16   § 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall

17 be discriminatory to afford an individual or class of individuals, on the basis of

18 a disability or disabilities of such individual or class, directly, or through

19 contractual, licensing, or other arrangements with the opportunity to participate

20 in or benefit from a good, service, facility, privilege, advantage, or

21 accommodation that is not equal to that afforded to other individuals."

22   § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It shall be discriminatory to

23 provide an individual or class of individuals, on the basis of a disability or

24 disabilities of such individual or class, directly, or through contractual,

25 licensing, or other arrangements with a good, service, facility, privilege,

26 advantage, or accommodation that is different or separate from that provided to

27 other individuals, unless such action is necessary to provide the individual or

28 class of individuals with a good, service, facility, privilege, advantage, or

Thimsch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

1  accommodation, or other opportunity that is as effective as that provided to
2  others."

3  26.   Among the specific prohibitions against discrimination in the ADA are
4  included the following:

5  § 302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies,
6  practices or procedures when such modifications are necessary to afford such
7  goods, services, facilities, privileges, advantages or accommodations to
8  individuals with disabilities..."

9  § 302(b)(2)(A)(iv): "A failure to remove architectural barriers, and
10  communication barriers that are structural in nature, in existing facilities...
11  where such removal is readily achievable;"

12  § 302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a
13  barrier under clause (iv) is not readily achievable, a failure to make such
14  goods, services, facilities, privileges, advantages, or accommodations available
15  through alternative methods if such methods are readily achievable." The acts
16  and omissions of defendants set forth herein were in violation of plaintiff's
17  rights under the ADA, Public Law 101-336, and the regulations promulgated
18  thereunder, 28 CFR Part 36ff.

19  27.   The removal of each of the barriers complained of by plaintiff as hereinabove
20  alleged (i.e., in paragraph 11) were — at all times on or after January 26, 1992 — "readily
21  achievable."

22  28.   Further, at all times herein mentioned, modification of or removal of these
23  barriers was "readily achievable" under the factors specified in the Americans with
24  Disabilities Act of 1990, including but not limited to section 301(9) [42 U.S.C. 12181], and
25  the Regulations adopted thereto.

26  29.   "Discrimination" is further defined under Section 303(a)(2) of the ADA, for a
27  facility or part thereof that was altered after the effective date of Section 303 of the ADA in
28  such a manner as to affect or that could affect the usability of the facility or part thereof by

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                    — 9 —

1    persons with disabilities, to include per Section 303(a)(2) [42 U.S.C. 12183], "a failure to

2    make alterations in such a manner that, to the maximum extent feasible, the altered portions of

3    the facility are readily accessible to and usable by individuals with disabilities, including

4    individuals who use wheelchairs." Additionally, for alterations to areas of a facility involving

5    a "primary function," discrimination under the ADA, per Section 303(a)(2) (42 U.S.C.

6    12183), also includes the failure of an entity "to make the alterations in such a manner that, to

7    the maximum extent feasible, the path of travel to the altered area and the bathrooms,

8    telephones, and drinking fountains serving the altered area, are readily accessible to and

9    usable by individuals with disabilities." On information and belief, the subject building

10    constitutes a "commercial facility," and defendants have, since the date of enactment of the

11    ADA, performed alterations (including alterations to areas of primary function) to the subject

12    building and its facilities, public accommodations, and commercial facilities, which fail to

13    provide facilities and paths of travel to such areas that are readily accessible to and usable by

14    individuals with disabilities, in violation of Section 303(a)(2), and the regulations

15    promulgated thereunder, 28 CFR Part 36ff. This includes the facilities and barriers identified

16    in paragraph 11.

17        30.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, Section 308,

18    plaintiff is entitled to the remedies and procedures set forth in Section 204, subsection (a), of

19    the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as plaintiff is being

20    subjected to discrimination on the basis of disability in violation of this title or has reasonable

21    grounds for believing that he is about to be subjected to discrimination in violation of Sections

22    302 and 303. On information and belief, defendants have continued to violate the law and

23    deny the rights of plaintiff and of other disabled persons to access this public accommodation.

24    Pursuant to Section 308(a)(2), "[i]n cases of violations of Section 302(b)(2)(A)(iv)...

25    injunctive relief shall include an order to alter facilities to make such facilities readily

26    accessible to and usable by individuals with disabilities to the extent required by this title."

27        31.    As a result of defendants' acts and omissions in this regard, plaintiff has been

28    required to incur legal expenses and attorney fees, as provided by statute, in order to enforce

Thimmesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**       — 10 —

1  plaintiff's rights and to enforce provisions of the law protecting access for disabled persons

2  and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of

3  all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant

4  to the provisions of Section 505 of the ADA (42 U.S.C. 12205) and the Department of

5  Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally,

6  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but

7  also to require the defendants to make their facilities accessible to all disabled members of the

8  public, justifying "public interest" attorneys' fees pursuant to the provisions of California

9  Code of Civil Procedure Section 1021.5.

10  WHEREFORE, plaintiff pray that this Court grant relief as hereinafter stated:

11

12  **SECOND CAUSE OF ACTION:**

13  **DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY**

14  **IN A PUBLIC FACILITY,**

15  **IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

16  32.     Plaintiff repleads and incorporates by reference, as if fully set forth again

17  herein, the allegations contained in Paragraphs 1 through 31 of this complaint and

18  incorporates them herein as if separately repled.

19  33.     Plaintiff Craig Yates and other similarly situated physically disabled persons

20  (whose physical conditions require the use of a wheelchair or other mobility devices) are

21  unable to use public facilities at subject restaurant on a "full and equal" basis unless such

22  facilities are brought into compliance with the provisions of California Health & Safety Code

23  sections 19955 et seq. Plaintiff is a member of that portion of the public whose rights are

24  protected by the provisions of sections 19955 et seq. Health & Safety Code.

25  34.     Under section 54.1 Civil Code, persons with disabilities are entitled to "full

26  and equal access" to public accommodations. "Public accommodations" are further defined

27  as a building, structure, facility complex, or improved area which is used by the general

28  public and attendant facilities.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                                                  — 11 —

1    35.    Defendants participate in the operation of the subject public accommodation,

2  subjecting the property and all such defendants to the requirements of California's Disabled

3  Rights statutes.

4        36.    Health & Safety Code Section 19955 provides in pertinent part:

5             (a)    The purpose of this part is to insure that public accommodations

6        or facilities constructed in this state with private funds adhere to the provisions

7        of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the

8        Government Code. For the purposes of this part "public accommodation or

9        facilities" means a building, structure, facility, complex, or improved area

10       which is used by the general public and shall include auditoriums, hospitals,

11       theaters, restaurants, hotels, motels, stadiums, and conventions centers.

12    37.    Health and Safety Code Section 19956, which appears in the same chapter as

13  section 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this

14  state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of

15  Title 1 of the Government Code...."

16    38.    Section 19956 Health & Safety Code was operative July 1, 1970, and is

17  applicable to all public accommodations constructed or altered after that date. On information

18  and belief, portions of the subject restaurant were constructed and/or altered after July 1,

19  1970, and portions of the subject building were structurally remodeled, altered and have

20  undergone structural repairs or additions after July 1, 1970. Such construction required such

21  building and its public accommodation facilities to be subject to the requirements of Part 5.5,

22  Sections 19955, et seq., of the Health and Safety Code, which requires provision of access

23  upon "alterations, structural repairs or additions" per Section 19959 Health & Safety Code, or

24  upon a change of occupancy (a form of "alteration").

25    39.    Multiple construction, alterations, structural repairs and/or additions were

26  completed on the subject restaurant property after the January 1, 1968 effective date of

27  Government Code Sections 4450 et seq., and the July 1, 1970 effective date of Healthy &

28  Safety Code Section 19955-19959, legally requiring that proper access for disabled persons be

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages      — 12 —

1    provided in each and every regard complained of in the Complaint.

2        40.    Construction or alteration at such facilities also triggered access requirements

3    pursuant to section 4456 Government Code and Title 24 of the California Code of

4    Regulations. Further, section 19955 Health & Safety Code also requires that, "[w]hen

5    sanitary facilities are made available for the public, clients or employees in such

6    accommodations or facilities, they shall be made available for the physically handicapped."

7    Title 24, California Code of Regulations (formerly known as the California Administrative

8    Code and now known as the California Building Code), was in effect at the time of each

9    alteration which, on information and belief, occurred at such public facility since January 1,

10   1982, thus requiring access complying with the specifications of Title 24 whenever each such

11   "alteration, structural repair or addition" is carried out. Title 24 imposes additional access

12   requirements with which defendants have not complied, including additional requirements for

13   accessible restrooms which serve the areas of alteration.

14       41.    As a result of the actions and failure to act of defendants and each of them, and

15   as a result of the failure to provide proper disabled accessible facilities as above described,

16   plaintiff Craig Yates was denied his Civil Rights, including his right to full and equal access

17   to public facilities, was embarrassed and humiliated, suffered physical, psychological and

18   mental injuries and emotional distress, all to the general damages of plaintiff in an amount

19   within the jurisdiction of this Court.

20       42.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

21   period preceding the filing of his complaint herein, and the continuous and ongoing damages

22   suffered thereafter.

23       43.    As a result of the defendants' continuing failure to provide proper access for

24   disabled persons to use the public facilities, plaintiff has continually been denied his rights to

25   full and equal access to subject restaurant and its attendant facilities on a continuous basis for

26   the above specified period up to the filing of this complaint and continuing until defendants

27   provide accessible facilities in each of the respects complained of herein.

28       44.    The acts and omissions of defendants as complained of herein are continuing

Thimsch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 13 —

1   to have the effect of wrongfully excluding plaintiff and other members of the public who are

2   physically disabled wheelchair users from full and equal access to the public facilities

3   involved. Such acts and omissions continue to treat plaintiff as inferior and a second class

4   citizen and serve to discriminate against him on the sole basis that he is physically disabled

5   and requires the use of a wheelchair for movement in public places; plaintiff is unable, so long

6   as such acts and omissions of defendants continue, to achieve full and equal access to these

7   public facilities. The acts of defendants have proximately caused and will continue to cause

8   irreparable injury to plaintiff if not enjoined by this court.

9      45.   WHEREFORE, plaintiff asks this court to preliminarily and permanently

10   enjoin any continuing refusal by those defendants which currently own, operate or lease the

11   premises, or who control such premises as the operating public entities, to grant such access to

12   plaintiff and other similarly situated persons, and to require such defendants to comply

13   forthwith with the applicable statutory requirements relating to access for the disabled. Such

14   injunctive relief is provided by section 19953 Health & Safety Code and California Civil

15   Code section 55. Plaintiff further requests that the court award damages, attorneys' fees,

16   litigation expenses and costs to plaintiff pursuant to section 19953 Health & Safety Code,

17   Civil Code section 55, and Code of Civil Procedure §1021.5, all as hereinafter prayed.

18

19                 **THIRD CAUSE OF ACTION:**

20      **VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

21           **(§§54, 54.1 and 55 CIVIL CODE)**

22      46.   Plaintiff repleads and incorporates by reference, as if fully set forth again

23   herein, the allegations contained in paragraphs 1 through 45 of this complaint and

24   incorporates them herein as if separately repled.

25      47.   The aforementioned acts and omissions of defendants and each of them

26   constitute a denial of equal access to and use and enjoyment of these facilities by persons with

27   disabilities, including plaintiff Craig Yates. Said acts and omissions are also in violation of

28   provisions of Title 24 of the California Administrative Code (later known as the California

1   Code of Regulations and the California Building Code.)

2      48.    On or about the above dates complained of, and on multiple occasions

3   thereafter, including occasions of deterrence, plaintiff Craig Yates suffered violations of

4   sections 54 and 54.1 Civil Code in that he was denied full and equal access to the subject

5   restaurant facilities on the basis that he was a physically disabled persons.

6      49.    Plaintiff is further informed and believes that before and after such dates, the

7   named defendants and each of them were made aware orally and in writing of the

8   inaccessibility of their public facility/business to disabled persons, such as plaintiff, and other

9   persons with disabilities similarly situated, and of the federal and state legal obligations of

10   owners and operators of public facilities to make their facilities accessible to disabled persons.

11   Despite being informed of such effect on disabled persons and the manner in which their

12   practices and lack of acceptable facilities were continuing to discriminate against disabled

13   persons on an ongoing basis, said defendants and each of them knowingly and willfully failed

14   and refused to take any steps to rectify this situation and to provide full and equal access for

15   disabled persons to each public facility referred to herein.

16      50.    At all times since plaintiff's above specified complaints, and on information

17   and belief for periods prior to this date, defendants were on notice of the requirements of the

18   law relating to provision for full and equal disabled access.  Especially as defendants were on

19   full notice, each day that defendants have continued to deny access to disabled persons

20   constitutes a new and distinct violation of plaintiff's right to full and equal access to this

21   public facility, in violation of Sections 54 and 54.1, et seq. Civil Code.  In the event of a

22   default judgment against any particular defendant, plaintiff will seek an injunction requiring

23   provision of all access called for in this complaint, plus damages of $1,000 per incident of

24   encounter or deterrence from the date of plaintiff's filing of this complaint, plus reasonable

25   attorneys' fees, litigation expenses and costs as set by the court, until the site is brought into

26   full compliance with state and federal access laws protecting the rights of the disabled, or,

27   alternatively, until the date of entry of default.

28      51.    As a result of the denial of equal access to defendants' facilities due to the acts

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 15 —

1 and omissions of defendants and each of them in owning, operating, and maintaining this

2 subject public facility, plaintiff Craig Yates suffered violations of his Civil Rights including

3 but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury

4 and discomfort, emotional shock, mental and emotional distress, embarrassment and

5 humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act

6 constituted discrimination against plaintiff on the sole basis that he was physically disabled

7 and unable, because of the architectural barriers created by the defendants in violation of the

8 subject laws, to use the public facilities on a full and equal basis as other persons.

9      52.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

10 period preceding the filing of his complaint, and the continuous and ongoing damages

11 suffered thereafter.

12      53.    Subject to the terms of the preceding paragraph, plaintiff also seeks damages

13 against all defendants for the violation of his rights as a person with a disability during his

14 patronage at the subject restaurant, and on multiple visits thereafter, according to proof,

15 pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages,

16 general and special, available pursuant to section 54.3 Civil Code. Plaintiff also seeks such

17 damages for such defendants' continuing to maintain such facilities in an inaccessible

18 condition since date of his earliest visit, and continuing to the date of the filing of the original

19 complaint, and thereafter until defendants provide full and equal access. Plaintiff also seeks

20 injunctive relief against all defendants pursuant to section 55 Civil Code, requiring defendants

21 to make their facilities accessible to disabled persons in each of the respects complained of

22 herein.

23      54.    As a result of defendants' acts and omissions in this regard, plaintiff Craig

24 Yates has been required to incur legal expenses and hire attorneys in order to enforce his

25 rights and enforce provisions of the law protecting access for persons with disabilities and

26 prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery

27 in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions

28 of sections 54.3 and 55 Civil Code. Additionally, plaintiff's lawsuit is intended not only to

Thimmesh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages         — 16 —

1    obtain compensation for damages to plaintiff, but also to require the defendants to make their

2    facilities accessible to all disabled members of the public, conferring a significant public

3    benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions

4    of section 1021.5 Code of Civil Procedure.

5         WHEREFORE, plaintiff prays for damages and declaratory and injunctive relief as

6    hereinafter stated.

7

8                              **FOURTH CAUSE OF ACTION:**

9    **DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLE III OF THE**

10   **AMERICANS WITH DISABILITIES ACT UNDER CALIFORNIA'S DISABLED**

11                                 **RIGHTS ACT**

12        55.    Plaintiff repleads and incorporates by reference, as if fully set forth again

13   herein, the allegations contained in paragraphs 1 through 54 of this complaint and

14   incorporates them herein as if separately repled.

15        56.    Each violation of the Americans With Disabilities Act of 1990, as complained

16   of in the First Cause of Action hereinabove (the contents of which cause of action is

17   incorporated herein as if separately repled), is also a violation of section 54(c) and section

18   54.1(d) California Civil Code, further and independently justifying damages, injunctive and

19   other statutory relief per section 54.3 and 55 California Civil Code.

20        57.    Plaintiff seeks damages on a continuing and ongoing basis for the statutory

21   period preceding the filing of his complaint herein, and the continuous and ongoing damages

22   suffered thereafter.

23        58.    Plaintiff has no adequate remedy at law, and unless the relief requested herein

24   is granted, plaintiff will suffer irreparable harm in that they will continue to be discriminated

25   against and denied access to the specified public facilities.    Because plaintiff seeks

26   improvement of access for persons with disabilities, which will benefit a significant portion of

27   the public, plaintiff seeks attorneys' fees pursuant to section 1021.5 California Code of Civil

28   Procedure, section 54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 17 —

WHEREFORE, plaintiff prays for relief as hereinafter stated.

### FIFTH CAUSE OF ACTION:

### DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT

### FOR VIOLATION OF TITLE III OF THE ADA

59. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 58 of this complaint and incorporates them herein as if separately repled.

60. Each violation of the Americans With Disabilities Act of 1990, as complained of in the First Cause of Action hereinabove (the contents of which causes of action are incorporated herein as if separately repled), is also a violation of section 51(f) of the Unruh Civil Rights Act, further and independently justifying damages of $4,000 per offense, injunctive relief, and other statutory relief, all as previously pled, per sections 52 and common law decision.

61. Plaintiff seeks damages on a continuing and ongoing basis for the statutory period preceding the filing of the complaint herein, and the continuous and ongoing damages suffered thereafter.

62. As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorneys' fees, litigation expenses (including expert fees) and costs, pursuant to the provisions of Section 52 of the Civil Code. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees pursuant to the provisions of California Code of Civil Procedure Section 1021.5.

WHEREFORE, plaintiff prays for relief as hereinafter stated.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

— 18 —

**SIXTH CAUSE OF ACTION:**

**(Declaratory Relief)**

63.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 62 of this complaint and incorporates them herein as if separately repled.

64.     A present and actual controversy exists among the respective rights and obligations of plaintiff and defendants, and separately, as to the obligations that have been impressed by the aforementioned statutes against the restaurant property irrespective of past or future ownership.   Plaintiff requests a judicial determination of his rights and such obligations in a declaration, and also as to whether and to what extent defendants' conduct and the current configuration of the property violates applicable law.

65.     Such a declaration is necessary and appropriate at this time in order that Plaintiff may ascertain his rights.  Such declaration is further necessary and appropriate to prevent further harm or infringement of Plaintiff's Civil Rights.

Wherefore, plaintiff prays the court grant relief as requested hereinbelow.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court award damages and provide relief as follows:

1.     Grant injunctive relief requiring that those of the defendants that currently own, operate, control or lease the subject premises, repair the premises and render them safe to disabled persons, and modify their policies and procedures, and otherwise provide "full and equal access" to the public areas herein complained of, and make such facilities "readily accessible to and usable by individuals with disabilities," according to the standards of sections 51, 54 and 54.1 et seq. of the California Civil Code; Title 24 of the California Administrative Code; Sections 19955-19959 of the Health & Safety Code; Sections 4450-4456 of the California Government Code; Title III of the Americans With Disabilities Act of 1990; the Americans With Disabilities Act Access Guidelines; and provide full and equal access to physically disabled persons, including plaintiff, in all manners required by such

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 19 —

1    statutes and government regulations;

2        2.    Retain jurisdiction over the defendants until such time as the Court is satisfied
3    that defendants' unlawful barriers no longer exist, and will not recur;

4        3.    Issue a declaratory judgment that defendants' actions and omissions, and
5    failures, including to modify the premises in compliance with the law, and to make reasonable
6    accommodations and reasonable modifications for plaintiff and other similarly situated
7    disabled persons violates the rights plaintiff and other similarly situated persons rights under
8    the Health & Safety Code Sections 19955-19959; Civil Code Sections 51, 54, and 54.1 et
9    seq.; Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et seq., and the
10   regulations promulgated thereunder; and the due process clauses of the United States and
11   California Constitutions.

12       4.    Issue a declaratory judgment regarding the obligations impressed by law
13   against the restaurant, and declaring that plaintiff is entitled to disabled accessible and usable
14   subject restaurant facilities including its accessible route to the main entrance, its public
15   restrooms, its dining tables, and other facilities, so that they may make use of the public
16   facilities and participate in the activities offered by defendants without suffering
17   discrimination or impediment on the basis of his disability;

18       5.    Because defendants have refused to remedy the violations at their facility after
19   notice from plaintiff, plaintiff seeks an award of statutory and "actual" damages against all
20   defendants, including general damages and special damages, according to proof, against such
21   defendants pursuant to sections 52 and 54.3 Civil Code, and that these damages be trebled;

22       6.    Award prejudgment interest on all damages;

23       7.    Award all costs of this proceeding and all reasonable attorneys' fees, litigation
24   expenses and costs as provided by law, including but not limited to those recoverable pursuant
25   to the provisions of sections 54.3 and 55 Civil Code, section 1021.5 Code of Civil Procedure,
26   section 19953 Health & Safety Code, section 505 of the Americans With Disabilities Act; and
27   ////

28

Thimesh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                                    — 20 —

1   8.    Grant such other and further relief as this Court may deem just and equitable.

2

3   Dated: September 13, 2010                THIMESCH LAW OFFICES

4

5                                           _____
                                            TIMOTHY S. THIMESCH
6                                           Attorneys for Plaintiff CRAIG YATES

7

8                              **DEMAND FOR JURY TRIAL**

9          Plaintiff demands a jury on all claims for which a jury is permitted.

10  Dated: September 13, 2010                THIMESCH LAW OFFICES

11

12                                          _____
                                            TIMOTHY S. THIMESCH
13                                          Attorneys for Plaintiff CRAIG YATES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief and Damages                          — 21 —